Christine Van Aken, City & County of San Francisco It amended the ordinance to bolster its constitutionality, to shore up its authority. The ordinance that the district court enjoined the application of, I called it 2014. The 2014 ordinance that was enjoined is no longer in effect, is it correct? It has been amended in some very substantial aspects. To respond, if you will, to Judge Breyer's concerns with the 2014 ordinance. Yes, I agree. So, while you say, you know, you really want to keep fighting about this, what can we do with respect to Judge Breyer? So, Judge Breyer has ordered you not to enforce an ordinance that is no longer in effect. That's right. So, let me ask the big question, why are we here? Why are we here? Yes, we are here because San Francisco sees it as unfair to be bound by a judgment that we can't appeal. You could have not superseded the ordinance that it related to. Well, at the core of the ordinance, the core of the 2014 ordinance, is that landlords are required to make a mitigation payment to tenants. And Judge Breyer said, I don't necessarily have a problem with that. He said, indeed, I thought the old ordinance was probably constitutional. But I think the payment you're requiring is so large, it's not going to be constitutional. And so, then you amended the ordinance to provide a lower payment. But the basis for this decision. So, why doesn't the ordinance that was before us, isn't it going away? So, let me offer two answers, Your Honor. The first is that even if it has, the proper disposition here is for you to determine. Well, that's a separate question, and I don't want to come back to that. But let's just deal with whether or not we have a lot of controversy in front of us. And we have a lot of controversy. So, all of the changes, of course, from other plaintiffs continue to want to challenge an ordinance that requires them to make a payment based on the difference between rent, mutual rent, and market rent. That was the principal issue in the 2014 ordinance. That is the principal issue in the 2015 ordinance. The principal issue is fairly different. Judge Breyer said, you better write his order down more than half a dozen times. So, look, I'm not necessarily saying that you can't require some payments. I'm just saying these are so unhinged to various things that they're too large. I'm not saying the previous ordinance was unconstitutional, which really had the same significance as the 2005 ordinance. I'm not saying that a future one would be unconstitutional. I'm just saying this specific one is. Plaintiffs challenged that one. They didn't appeal. They're happy with the district court judgment. You appealed. And, in the meantime, changed the statute. And so, how can you possibly give you any relief with respect to an ordinance that no longer exists? So, what we are asking for. I'm sorry. Did you want to put that before you? Yes. Yes. And I think that's really important. I think it's really your business. Well, I want an ordinance that the city can enforce. The 2015 ordinance, as far as I know, is not involved in this vacancy. And these plaintiffs here, in their brief, said, if this court vacates, then we will go back and we will challenge the 2015 guidance. They'll bring in a lawsuit. So what? Well, that's not what the Supreme Court said in Duffendorf. In Duffendorf, what happened was there was an ordinance about church property tax exemptions, and the state changed it, or the local government changed it. The Supreme Court said, we're going to vacate, and then we're going to give leave to amend so that you can go back on appeal. But the Supreme Court said, look, what the state did in Duffendorf was plainly a pretext. What they did was just reenact the old statute with new clothing on. No. We're not going to vacate this order in order to let somebody evade their constitutional duties. I think you might be thinking of Northeastern Contractors. Northeastern Contractors, yes. Duffendorf was the one where there was a church exemption. It's a 1972 Supreme Court case. And the court said, this statute has changed, this ordinance has changed. We're going to send this back with leave to amend. We're going to vacate and give it back with leave. That's it? That is the actual question I was heading towards. So thank you. So why shouldn't we, in this case, send this case back to Judge Breyer and say, do you want to vacate your preliminary introduction or not? If he comes, you're happy as a clam. You can appeal to us and come back and tell us about it. We already asked him to do that. We already asked him to do that. He not only filed a request for an indicative ruling to file a Rule 60b motion. The 60b motion said, you should vacate your judgment because the ordinance has changed. Or in the alternative, if you're not going to do that, you should at least make clear that the injunction doesn't apply to the new ordinance. And he said, okay, I accept your request for an indicative ruling. But he did not vacate his judgment or say that he would vacate his judgment. He did say it doesn't apply to the new ordinance, right? Yes. He said, I haven't adjudicated the new ordinance. He said that, but he was given the opportunity to vacate. So I don't think what the court should do is say, we're just going to stay this appeal and let you file another 60b motion asking for the same thing that you already asked him for. Once he said this didn't apply to the new ordinance, what interest do you have now in fighting an injunction against the application of an ordinance that no longer exists? Tell me. Let me understand. It's a reasonable reason. Well, I think you should vacate because if the court feels like the new ordinance is not properly before it and it doesn't have a judgment on that in a peer review, I think you should vacate. Why should we vacate? The reason is that the judgment has already been used collaterally against not only San Francisco, but against tenants who received payments under the old ordinance. It's been used collaterally. Nobody is bound by it except the two of you. Well, we are bound by it. So it has been stated as something that we are collaterally bound. You are bound by it. You can no longer enforce this statute that you didn't care to appeal about. Well, what we care to appeal is the principle that landlords should be required to pay based on a right to furniture. We're not here about principles. We're here about cases. In this case, tell me what interest do you have any for? Yes. The city of San Francisco. Yes. And it's maybe fighting for it. We don't want to be collaterally bound by this judgment. This judgment could affect us. It affects us if we want to revive the old ordinance. We can't have a court that would just say this is done. There's never been a reason not to vacate a judgment because it's true of every judgment. Right? And no judgment would ever be vacated. Right. No. No is under the case law. It's whether or not a judgment of this kind of circumstance should be vacated. What case do you depend on to set your intent to have the judgment vacated? We depend on Hellecourt, Your Honor. And that says the principle is that this idea that when someone procures mootness, creates mootness, we don't vacate doesn't apply. When it's a government enacting a change in policy. And that's the Hellecourt case. That's the log cabin Republican's case. That's what the Supreme Court did in Diffendorfer. But the question is, a lot of those cases are based on the difference between the executive and the legislative, right? Not wholly. They are based on law. To the extent they are, it doesn't apply to San Francisco, does it? I don't think that's right, Your Honor, because in the log cabin Republican's case, it was the United States that was sued, and San Francisco has a legislative, and San Francisco has an executive. The Board of Supervisors enacts ordinances, and the mayor enforces them, and the city attorney defends them. But these are all separate. You left open the issue of whether or not that principle applies to localities. So you have, but the Ninth Circuit has also applied it to localities. For example, in Serrano v. Clark County, without discussion of the principle, the court vacated and remanded it. So I recall there was, I was interested in your comment on Serrano. Wasn't the other side complaining in Serrano? I don't recall, Your Honor. I can't remember. It was. I think it was Serrano who was coming up in Serrano. I think the point is that you shouldn't be able to manipulate, you shouldn't be able to evade jurisdiction or evade appellate review by manipulating what you've done to create Article III controversy. But here, we haven't changed that. There remains an Article III controversy. In northeastern Florida, general contractors, the court said, if a new ordinance disadvantages someone to a lesser degree, but in the same fundamental way, a controversy remains. Given that there's still, as you said, an Article III controversy, and we don't know what's going to happen, in the case of the District Court, and given the fact that the District Court has never said anything about, you know, whether it would evade the judgment, except on your 60-beat motion, why someone just send us back to the District Court to decide that, amongst other things, the issue of whether the judgment should be evaded. But you say he had a chance and didn't do it. Yes. He also didn't turn you down. Well, he... I'm not sure. I don't know what to make of it. He said he was just going to clarify that the injunction doesn't apply. So he didn't address the request. He didn't address it. So why not, like, get the district judge? After all, some of the arguments you're making are not in this record. Right. There are people out there, unspecified people involved, and unspecified lawsuits where this stuff is being raised. Why not go to Judge Breyer and say, I don't think he needs to introduce any more judgments, given up on the 2014 statute? I think that's a... just evading the judgment and remand of all of the issues without direction to Judge Breyer, I think, is an appropriate disposition. I always wonder why we find it like this. Are you disputing your obligation to the attorneys facing this? No, we don't think it matters because preliminary relief was under our hands. So what you're not saying is the judgment is vacated, then our obligation would be feasible. No, this really is a case about principle, and I think it's a case about principle on both sides. I mean, San Francisco... All right, so I get back to the point, except we don't litigate principle, so we litigate cases. But you also... so I want to get back to a second principle because I didn't give a complete answer to why San Francisco cares. The first is I think the collateral consequences are real. Not to your client. I don't think that's true. What's the collateral consequence to your client? Well, we now have a judgment that says this ordinance is not based on any conduct of the landlord. The issue pertains to... So what's the collateral consequence of that? Landlords didn't create an affordable housing problem that they could be required to remedy. That is an issue that has been decided against us. That issue is live in the 2015 ordinance because the same Nolan-Dolan analysis of landlords having to pay a 2-year rent differential capped at $50,000 or uncapped... Wasn't this case litigated on stipulated facts? It was, yes. So I'm having a hard time figuring out what the collateral consequence of a case litigated on stipulated facts is. We didn't stipulate to that fact, Your Honor. And it wasn't found? It was found by Judge Breyer. So it wasn't found? And you say the issue is still alive? Is it a reason to send it back to the district court? I think they can surely remand it to the district court to just take a look at a first instance. To judge this, you ask, Judge, you say to ask this, shouldn't he say, look, Judge Breyer, you first, just like all city courts, all you're asking for, is for us to vacate the preliminary judgment, correct? Vacate the judgment, as you find no judgment. Vacate the judgment. And Judge Breyer has never, and we ruled on backwards licensing. That's right. So why don't we say to Judge Breyer, before we decide this issue in the first instance, the city should decide the city's need. I think that's, I think that is an appropriate disposition. I think it, I'm not as happy with that as I would be  not to apply to legislative exemptions. But, yes. One of the things you might be unhappy with, on the far end of it, is affirming Judge Breyer's decision on the merits. Right, yes, yes. Is a real concern. That would make me very unhappy. If the case stays on. Well, what I want is, I want to make the second point about the interest in, we talked about the collateral consequences to San Francisco, and I continue to insist that there was a finding about the causes of the affordable housing crisis that tenants face that Judge Breyer found. I don't think it was appropriate that he found it, but I think that is in that judgment. And here's what I, here's what a difficult thing to do. He must have made all kinds of errors. Right. And you had every ability to come up to us and say, this is the worst decision in the world that we want you to overturn. Right. But instead, you chose to deal collectively. The city. Yes, the city. Whereas he was saying, I'm not buying it, let's have a new statute. I don't, it is a statute that is continuous in many ways, but let me get to the second. If it is, if it is, then it seems to me, you may be admitting that it's, it's fatally defective for precisely the same reasons that Judge Breyer says, and I don't buy that. I think it's a different statute, and it's not defective for the same reasons. I have to take a look at that. Well, I think it's, I think, I'm not sure whether he did that kind of. There's a little bit of tension in your argument, because you said we didn't change it all that much, and if you didn't, then maybe we should move on to the merits. But if we do, you might lose. Yes, I understand this is a controversial statute, but let me get to the second reason why courts vacate when a city or a state or the federal government has changed the law that's under review. And the point is that ordinarily, when parties are settling around a bad judgment, courts are concerned that there's manipulation of the judicial process. But what this court said in Hallaker, and it followed and cited the American Bar Association case out of the D.C. Circuit, it said, look, when a government changes the law in response to a bad ruling, we don't consider that manipulation. We consider that responsible lawmaking. Yes. It gets back to the question, which you guys and I were talking about before, which is that, does that, does that apply, put aside Serrano, because it takes Serrano's law into state control, why should we apply that principle to locality? Right, because. As opposed to a state government, states have a statute in the federal constitution for their government. Why should we apply that principle? Because typically, localities may not have a tripartite type of government. Well, we do. We have a tripartite type of government. The city does. So there's no reason logically why it would be different. The board acts, the mayor enforces, it's the same division of responsibilities. Moreover, the point is that it's, it's respect that democratically elected governments are acting in the public interest. We are not, we are here to try to protect renters in San Francisco, while respecting the constitutional rights of property owners, and we're responding to conditions on the ground that affect real people. And so the attempt, in the event I cannot have reversal of the judgment below, I am asking for vacature of the judgment, because there is a final judgment in place. If this court does nothing, if it dismisses the appeal or affirms the case is over and all of the collateral effects that I'm concerned about remain. So. You're asking for that, but you're willing to settle for a remand for the district to actually determine vacature in the first place. Yeah, I mean, I think that it would be wholly appropriate for this court to say, you should vacate, and by the way, you know, you should dismiss, because the case has now become new, and it's been refiled elsewhere. But in the event the court just says, go figure it out, I think that's fine too. The one thing that I don't want is an unappealable final judgment here, because it does bide us, and because the city of San Francisco's democratically elected lawmakers are doing the best that they can to resolve real problems in their hands. One more second, just ask for a vote on all the other advisors. Thank you, Your Honor. May it please the court, David Bremer, for, yeah, police, weapons, and head house, I'm not going to list them all, because I don't think it's necessary. Well, so let me ask you right at the beginning the same question I asked your opponent. What do you want? I mean, what you've won, I'm not sure why we're here. What you've won, you got your fees. Oh, we haven't. Oh, you got a few more, you'll get them later. Your clients have, your clients have a binding judgment. It seems to me that they need not comply with the 2010, with the 2015, the 2014 ordinance, correct? Yes, right now the injunction is in place binding that ordinance that no longer exists. That's right. So, do you care about whether or not that injunction is in place? Yes. Why? Because they could go back and potentially reenact the portions of the ordinance that were originally challenged by our clients, and particularly the portions requiring a payment for the sole purpose of solving the housing affordability crisis. But there's no guarantee. No, I think it's probably unlikely that they would go, but without that injunction in place, it's not impossible. But remember, we're not here of our own making. We are ready to defend the original injunction. No, now that you're here, I want to know what you want. This is what we want. The simplest and fairest thing to do is to send this entire thing back to Judge Breyer. There's already claims sitting back there. The new ordinance has never been looked at down below. Is the new ordinance before Judge Breyer? Not at this time, no. So, there's nothing else for him to do on the case that you brought to correct? Other than award you fees? No, there are unapplied claims that were sitting against the old, against the ordinance. No, there's nothing to do on this. You don't care about the unapplied claims anymore, do you? As long as this judgment stands, and the old ordinance is gone, those unapplied claims don't matter. Let's talk about your clients, your two clients. Yes. They won. They won, correct. The city's not trying to enforce the ordinance against them. That's correct. You're good. You're good at this time. You're good. Well, it doesn't exist. It doesn't exist? No, no, it doesn't. The old ordinance doesn't exist. That's right. I mean, the injunction is placed in Judge Wright. It's time to keep that injunction in place while this, what's going on here happened, while they appealed or not appealed. But maybe some controversy still exists. I mean, as an agent, you kept referring to the fact that Judge Barr issued a final judgment that you just mentioned that, you know, if you never addressed written claims, then you think those claims are still before the district court. But whatever the status is, you think at least if there's a remand in this case, you have the right to say amend your complaint to challenge the revised statute, revised ordinance. We could do that, but. Is that something you want to do? Yes. Frankly, we haven't, we haven't even, this, this has gone on for so long on the old ordinance that we haven't even gotten to, to the new ordinance. But we're concerned about the appeal. The only thing before this court on appeal are the Nolan, additional Nolan Dolan claims that were resolved under, through an injunction. That's the only thing that's there. Those claims, those Nolan Dolan claims are moved. And therefore the appeal is moved. The rest of the, the rest of the, all that's sitting down there with different parties, different claims, the potential to amend the complaint, even the potential that some of those other claims may apply to the new ordinance. For instance, let me explain there. The new ordinance may be just as valid under the Ellis act. That's the old one. But what we're here is on Nolan Dolan claims that what we're challenging is gone. Controversy. The final judgment in this case is that the city may not enforce the 2014 statute. Correct? Yes. Against their clients. That's a class action. That's, that's not a final judgment. It's judgment on the Nolan Dolan claims. That doesn't really, the judgment on the appeal. You know, I'm going to be short, I'm going to be short handed because for a judgment to be appealable, it must be final. This is an interlocutory appeal under an injunction. It's not a final appeal. Well, 91 makes those final, those interlocutory appeals final judgments for purposes of our review. Right. We're probably. We have a, we have a final judgment in front of us because we didn't, we couldn't have an appeal no longer. And that final judgment is that the city may not enforce the 2014 ordinance against your clients. Right. The city may not enforce the 2014 ordinance against anyone. Correct? Against your clients. You don't represent them. Okay. Other people may or may not be able to claim collateral. They may not. They may or may not be able to. That's, that's a matter of collateral ensemble. But with respect to the people you represent, you've gotten everything you wanted. We got an injunction and a declaration under Nolan Dolan. We want a declaration. You know, you wanted, you wanted to win on, you wanted to win on every argument you made, but you won. You had a complete and utter victory. Correct? We won on the Nolan, we won on the Nolan Dolan claims. Yes. We have an injunction where the, the ordinance, right now, as long as the injunction is in place, cannot be revived and cannot be revoked because it doesn't exist. I appreciate the speech, but see if it answers the right question. I will try to do better. Anything else you want to just record in this case? We want the district court, we may potentially want the district court to look at the new ordinance under the other claims. With respect to, with respect to the ordinance that no longer exists, is there anything else you want from the district court? That's enough. We do not, I can explain that to the answer now. I'm asking answers that are going to be very short, so we, we, the explanation can't come first. No. No. We do not want anything else on the old ordinance because it has been enjoined and it's been, and it's lost. Stop there. So, now my next question is the same question I asked your opponent, and maybe you can hold hands again, so we can do the subject together. Why don't we just leave it up to Judge Breyer, whether or not he maintains the preliminary injunction? I agree. We should leave it up to Judge Breyer that, but we shouldn't even be here. Okay. City, had its opportunity, it's worried about collateral consequences, but if you're worried about the consequences of a judgment, then you repeal it. The city appealed, and then it, I think it was afraid it couldn't defend the judgment here on appeal, so it changed its law, and now I think it's great when we should. We should leave it up to Judge Breyer and vacate the judgment. It may do that. It may not. They could come back. You can come back because you want to be correct. If you vacate the judgment, you can appeal that back to the court. I suppose. I suppose. I suppose. Yes, I suppose we could do that just like they could appeal it. He decides not to vacate the judgment, which, by the way, he never did. The reason he never addressed that is because it was wholly inappropriate. While there was an appeal, a pseudo-appeal, I would call it, going on here at this court. And so, Judge Breyer is not going to interfere with, before this court addresses all these arguments. As you would have guessed, it would have thrown together another monkey wrench into an already very complicated appeal, complicated by a city's decision to accede to a judgment it didn't like, to avoid appellate review. And I think it wanted to avoid Judge Breyer's review on the new ordinance, should we decide to amend the complaint or use some of those other claims that may not be moot against the new ordinance. I think the city may have wanted to avoid Judge Breyer there and bring the new ordinance to you all, excuse me, so that they can have a new panel on a new law. It doesn't make any sense. We shouldn't. The MPL should be dismissed. Excuse me. Go ahead. Let me ask Judge Rourke's question a little differently, just to kind of get to the statement. At one point, apparently, both complainants in the city wanted agreement that this appeal is moot. Is that right? That was the position most of the statement was. That was your position, wasn't it? It's been our position that the appeal is moot. I think the city's position has shifted. I think they've settled all of it. And it's moot, it's not because of anything we did. I think that was their position at one point. It may be moot, but we didn't do it. So, the question is, is it still your position that the appeal is moot? Yes, there's no reason for you to change your position that the appeal is moot. The appeal is moot. The appeal of the judgment below, yes, Your Honor, Judge Breyer's judgment below on the Nolan-Dolan claims is moot. But is there still pending before Judge Breyer, let me dismiss this, let me dismiss it. Is there still pending before Judge Breyer if he sees DB motion? No, there is not. You're sure, you're sure. I think we'll see one. No, but you said you didn't rule it in because the case was already up on appeal. Well, when you fix that, we can take the case off appeal and it doesn't have to rule in the 60-D motion. He will, yes, I'd have to go back and look at it. Either that or they'll, they'll re, they'll move forward again. The question I ask your opponent is, if everybody's problem is that Judge Breyer never ruled on the package or motion, we can fix that. Or we can tell him. It's back in your ballpark, Judge Breyer, you rule. If, if the Libyans don't like the ruling in their appeal, if the city doesn't like the ruling in an appeal, but at least we will have the district court of trust to get the first instance, whether or not this is still a live controversy. Well, I think that's what, I think that's an appropriate way to go about resolving this appeal. It's simple, it's expeditious, and it's fair to both parties because you still have the issue, their, their issue is alive. And, let's just say, I, just as you say, I guess the client is relying on you. What? Or, excuse me, what you represent is a client that's wanted to have a victory. They may have to fight a new statute, but Judge Breyer's already said, we didn't rule on the new statute. So, I'll, I'll do a count on me just to say, because you want to use something like this. Um, so, I, I, I have a difficulty on both sides. The fact that both sides are on your principles. Figuring out by this case, which attacks the 2014 ordinance, matters to you. Do you have any more doubt about this in theory? Well, part of the reason it matters for us is because, as I mentioned, the city has been trying to bootstrap the new ordinance to this court. And we're trying, we've been sitting on, you can't do that. But, we can't just abandon our clients and, because possibly there's always a little risk that they might actually get the new ordinance before this court, and they would get a ruling on that. And that ordinance does affect them. And, and without a hearing, it, it would be, you know, you're just out of your day in court. So, we didn't want to be left. But, we've been here all along saying we shouldn't be here. Nobody should be here. I just, I just, I just, I just, I just, I just, I just, I just, I just, just,               I just. You're, You're, You're, You're, You're, You're, You're,          You're, You're, You're, You're, You're, You're, you, you're,       you're, you're, you're, you're, you're,     you're, you're, you're, you're, you're, you're, you're, you're, you're, you're, you're, you're, you're, you're, I think no, it's true that they are not the same thing. I think, I think there are very good reasons why the courts should reverse the judgment. And I set those out in the briefs primarily because Nolan and Toland doesn't apply to legislation, but in the event the court thinks that the dispute is not live or has questions about whether it's live, then clearly the right result is to vacate it as of course an alternative disposition. I want to thank the people for the time. I thank both counsel for the arguments and for welcoming me to the next hearing. With that, we will be in recess until tomorrow.
judges: Siler, Tashima, Hurwitz